(85 South. 51)

SMITH v. STATE.    (4 Div. 626.)

(Court of Appeals of Alabama. June 29, 1920. Rehearing Denied Nov. 9, 1920.)

1. CRIMINAL LAW ⬤⟿753(2) — GENERAL CHARGE FOR DEFENDANT PROPERLY REFUSED, WHERE EVIDENCE CONFLICTED.

Where there was evidence from which jury could find defendant guilty, and the evidence to that end and that of defendant was in conflict, a general charge for the defendant was properly refused.

2. INTOXICATING LIQUORS ⬤⟿233(2) — QUESTION BY STATE AS TO WHO WAS RUNNING LIQUOR STILL HELD COMPETENT.

In prosecution for manufacturing intoxicating liquors, where witness testified that defendant was firing the still, that another person was handling the bottles, that the still was in operation, and identified some jugs of whisky he and the sheriff obtained from the still, it was competent for the state to ask witness,

"All you know about it is, they were both running the still?"

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Alfred Smith was convicted of manufacturing prohibited liquors and he appealed. Affirmed.

McDowell & McDowell, of Eufaula, for appellant.

Counsel insist that under the evidence the defendant was entitled to the affirmative charge.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

---

MERRITT, J. The defendant was convicted of the offense of distilling or manufacturing alcoholic or spirituous liquors, and was sentenced to the penitentiary for an indeterminate term of not less than 15 months nor more than 18 months.

[1] There was evidence in the case from which the jury could find the defendant guilty, and the evidence to that end, and that of the defendant, was in conflict. Of course, the general charge for the defendant was, under such circumstances, properly refused.

[2] The witness Carroll testified on direct examination that the defendant was firing the still, that Blakey, the other party there with defendant, was handling the bottles, that the still was in operation, and identified some jugs of whisky he and the sheriff obtained from this still.

In the light of this, if not primarily, it was clearly competent for the state to ask him: "All you know about it is, they were both running the still." Neither was there any reversible error for failing to exclude the answer to this question.

We find no error in the record, and the judgment is affirmed.

Affirmed.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes